IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MID-ATLANTIC INNOCENCE PROJECT<br>1413 K Street N.W.<br>Suite 1100<br>Washington, D.C. 20005,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave. N.W.<br>Washington, D.C. 20530-0001,<br><br>　　　　　　　　　　　Defendant. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Mid-Atlantic Innocence Project ("MAIP"), by and through its undersigned counsel, brings this complaint against the Defendant U.S. Department of Justice ("DOJ") as follows:

1. This action is brought under the Freedom of Information ("FOIA"), 5 U.S.C. § 552, to compel the Defendant to produce to MAIP all records pertaining to Gregory Eugene Napper in relation to District of Columbia criminal action number 2007-CF1-21557.

2. DOJ violated the FOIA by failing to produce responsive documents following MAIP's March 3, 2022 request within the time period allotted by statute. 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)–(iii). MAIP requests declaratory relief stating that DOJ has violated FOIA, and injunctive relief requiring DOJ to immediately process and release the requested records.

## JURISDICTION

3. This Court has subject matter jurisdiction over this matter under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

4. This District is the appropriate venue under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5. Plaintiff MAIP is a non-profit, charitable organization organized under Section 501(c)(3) of the Internal Revenue Code. MAIP works to prevent and correct the conviction of innocent people in the District of Columbia, Maryland, and Virginia. Obtaining files arising from criminal investigations and prosecutions is a crucial part of MAIP's investigations into potential wrongful convictions.

6. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOJ has possession, custody, and control of the requested records.

## FACTS

7. Gregory Napper was convicted on September 17, 2008 of first degree murder while armed, possession of a firearm during a crime of violence, and carrying a pistol without a license, in the District of Columbia Superior Court. He was sentenced to 32 years imprisonment and remains incarcerated.

8. On March 3, 2022, MAIP submitted a FOIA request to the Executive Office for U.S. Attorneys. MAIP's FOIA request, attached as Exhibit A, sought all records pertaining to Gregory Eugene Napper, from the U.S. Attorney's Office for the District of Columbia, in relation to criminal action number 2007-CF1-21557.

9.  In its request, MAIP sought a fee waiver on the basis of the fact that its work is in the interest of the public and not in MAIP's private or commercial interest. 5 U.S.C. § 552(a)(4)(A)(iii). MAIP is a non-profit, charitable organization which represents clients on a purely pro bono basis and is never paid for its services.

10. DOJ acknowledged receipt of MAIP's FOIA request on March 8, 2022 and assigned the request tracking number EOUSA-2022-001300.

11. In its letter, DOJ asserted that, due to "unusual circumstances," it would need to extend its time limit to respond beyond the ten additional days allowed under 5 U.S.C. § 552(a)(6)(B)(i)–(iii). DOJ did not specify how much time beyond the statutorily allowed 30 days it expected or planned to take to respond to MAIP's request.

12. DOJ has not yet responded to MAIP's March 3, 2022 FOIA request.

13. Because DOJ failed to timely respond to MAIP's request, MAIP has constructively exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIM

### DOJ's Unlawful Withholding of Records Responsive to MAIP's FOIA Request

14. Plaintiff re-alleges and incorporates herein by reference all of the above paragraphs, as though fully set forth herein.

15. In its March 3, 2022 FOIA request, MAIP properly asked for records within the possession, custody, and control of DOJ.

16. DOJ has failed to respond to MAIP's request within the timeframe dictated by statute. 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)–(iii).

17. DOJ is wrongfully withholding records responsive to MAIP's request.

18. By failing to timely release all requested records in full to MAIP, DOJ is in violation of FOIA.

19. MAIP is entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

## PRAYER FOR RELIEF

WHEREFORE, MAIP respectfully requests that this Court:

1. Declare that MAIP is entitled to immediate processing and disclosure of the requested records;

2. Order Defendant to immediately and fully process MAIP's March 3, 2022 FOIA request and disclose all nonexempt records to MAIP;

3. Retain jurisdiction of this action to ensure that no agency records are wrongfully withheld;

4. Order that Defendant grant MAIP's petition for a fee waiver;

5. Award MAIP attorney's fees and costs;

6. Grant such other relief as the Court may deem just and proper.

Date: March 30, 2023

Respectfully Submitted,

Jeffrey S. Gutman   DC Bar No. 416954
jgutman@law.gwu.edu

Elizabeth Gibbons, Student Attorney
David Markallo, Student Attorney

The George Washington University Law School
Jacob Burns Community Legal Clinics
650 20th Street NW
Washington, D.C. 20052
Tel.: (202)994-5797

Fax.: (202)994-3362

*Attorneys for Plaintiff Mid-Atlantic Innocence Project*